Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8068 | **DATE** | 1/16/2002 |
| **CASE TITLE** | Lodovico vs. Teamsters Local Union 705 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant, Teamsters Local Union No. 705's motion for summary judgment is granted. Accordingly, judgment is entered in favor of defendant, Teamsters Local Union No. 705 and against plaintiff, Samuel Lodovico. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 17 2002 date docketed | 24 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/16/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | FILED-EN3 02 JAN 16 PM 5:18 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL LODOVICO,<br><br>    Plaintiff,<br><br>v.<br><br>GERALD ZERO, individually and<br>as Secretary-Treasurer of<br>Teamsters Local Union No. 705;<br>and **TEAMSTERS LOCAL UNION NO.<br>705**,<br><br>    Defendants. | No.  00 C 8068 |

## MEMORANDUM OPINION AND ORDER

Samuel Lodovico sues his former employer, Teamsters Local Union No. 705 ("the Union") for age and disability discrimination under the ADEA, 29 U.S.C. § 626, and the ADA, 42 U.S.C. § 12101 et seq., and for retaliatory discharge under Illinois law. The Union moves for summary judgment, which I may grant only when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On the discrimination claims, Mr. Lodovico's only argument is that the Union's reasons for discharging him were "so clearly suspect that [he] should be found to have met his prima facie burden." Pretext is not a substitute for a prima facie case under the *McDonnell Douglas* burden-shifting framework; I reach the question of pretext only if the employee can establish a prima facie case of discrimination. *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1011 (7th Cir. 2000).

On his age discrimination claim, Mr. Lodovico cannot demonstrate an essential element of his prima facie case: that substantially younger employees were treated more favorably. *Hoffmann v. Primedia Special Interest Pubs.*, 217 F.3d 522, 524 (7th Cir. 2000). This means showing that he was replaced by a substantially younger employee, *id.*, but Mr. Lodovico admits that he was replaced by an *older* employee, Pl. Resp. to Stmt. Facts ¶ 10, so he cannot make out a prima facie case of age discrimination.

The Union argues that the ADA claim is outside the scope of the EEOC charge to the extent that it claims a failure to accommodate. Mr. Lodovico admits he was accommodated, and read liberally, his complaint, which seeks lost wages, states a claim for termination, which is what he claimed in the charge. To state a claim under the ADA, Mr. Lodovico has the burden of demonstrating that he is a qualified individual with a disability, which requires him to show that, at the time of his discharge, he was suffering from a physical or mental impairment that substantially limited one of his major life activities. *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 923 (7th Cir. 2001). Mr. Lodovico claims that he was disabled because he suffered a back injury after a work-related automobile accident. But even assuming that his back injury was a physical impairment, Mr. Lodovico does not explain how, much less come forward with evidence to show that, his injury substantially limited him in any major life activity. Mr. Lodovico had returned to work, and he does not say that he was unable to do anything that

2

he could do before the accident. If he is not actually disabled, Mr. Lodovico may proceed if he can show that his employer regarded him as disabled, but it is not enough to show that the Union was aware of his impairment; he must show that the Union believed that his back injury substantially limited him in a major life activity. *Amadio v. Ford Motor Co.*, 238 F.3d 919, 925 (7th Cir. 2001). The evidence demonstrates only that Mr. Zero, the decisionmaker, was aware that Mr. Lodovico had been injured and that he attended physical therapy five days a week because of his automobile accident. That is insufficient to raise an inference that Mr. Zero considered Mr. Lodovico to be disabled.

Even if Mr. Lodovico could establish a prima facie case of age or disability discrimination, he has failed to meet his burden of demonstrating that the Union's reasons for firing him were pretextual. First, he merely says that the dispute over the cases of union baseball caps was "trivial" and "clearly suspect," but he comes forward with no evidence to suggest that these kinds of trivial transgressions were usually tolerated. *See Monroe v. Children's Home Ass'n*, 128 F.3d 591, 593 (7th Cir. 1997) ("A person who was sacked for trivial transgressions that an employer usually tolerates . . . has enough to support an inference that the employer is hiding something."). Second, he does not even address one of the other stated reasons--that he had trouble getting along with the other staff. *See Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 398 (7th Cir. 1997) (To demonstrate pretext,

3

"plaintiff must address *all* the reasons suggested by the defendants.").

Mr. Lodovico's only response to the retaliatory discharge claim is that the Union, and specifically Mr. Zero, knew of his intention to file a worker's compensation claim when he was fired. But even if they knew, Mr. Lodovico must demonstrate that his termination was motivated by his worker's compensation claim. The only evidence is Mr. Lodovico's testimony that, when Mr. Zero told the president of the Union that he was going to fire Mr. Lodovico, the Union president told Mr. Zero not to because Mr. Lodovico was claiming worker's compensation and seeing a physician. Lodovico Dep. at 158. Even construed most favorably to Mr. Lodovico, this falls short of showing that Mr. Zero's decision to fire him was motivated by his claim. Moreover, where an employer comes forward with a valid, non-retaliatory reason for the discharge, the element of causation is not met. *Clemons v. Mechanical Devices Co.*, 704 N.E.2d 403, 406 (Ill. 1998). I have already determined that Mr. Lodovico has failed to demonstrate that the Union's reasons for firing him were pretextual, so he has failed to establish causation. The motion for summary judgment is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*
―――――――――――――――――
**Elaine E. Bucklo**
United States District Judge

Dated: January 16, 2002

4